# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RFD-TV, LLC, A Delaware Limited Liability Company,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **8:10CV43** |
| **MCC MAGAZINES, LLC, A Georgia Limited Liability Company,** | ) ) ) ) | **ORDER TO SHOW CAUSE** |
| **Defendant.** | ) ) | |

This case is referred to the magistrate judge for full pretrial supervision. On March 1, 2010, the district court granted the defendant's motion to compel arbitration. The parties were ordered to file quarterly status reports. In April and July 2010, the parties filed separate status reports showing that the arbitrator issued an Arbitration Decision entering a Temporary Injunction, defendant requested time to conduct discovery on certain issues, and the plaintiff was attempting to schedule a final arbitration hearing. Two of plaintiff's three attorneys were granted leave to withdraw on October 27, 2010.

On October 28, 2010, defense counsel filed a status report stating, "Plaintiff and defendant have recently been in discussions concerning potential settlement and/or dismissal of the above-entitled action. No further discovery has been conducted since the last Status Report filed with the Court on July 27, 2010." On January 31, 2011, defense counsel reported that he had sent plaintiff's counsel a proposed stipulation for voluntary dismissal; otherwise, there had been no further action in the case. After receiving this information, the court ordered the parties to file a joint status report by March 15, 2011 including the following information: "a) Whether or not the

arbitration proceedings have been concluded; b) The outcome of the arbitration proceedings, if concluded; and c) Whether the case should now be dismissed."

Defense counsel filed a status report on March 17, 2011 indicating that he sent plaintiff's counsel a proposed stipulation for voluntary dismissal on January 28, 2011 and again on February 28, 2011 but received no response. The actual status of the arbitration proceeding remains a mystery.

Since the filing of a status report on July 28, 2010, the plaintiff has not complied with the district court's order requiring quarterly status reports. Nor did the plaintiff comply with this court's March 4, 2011 order specifically requiring the parties to submit a joint status report. The record suggests that the plaintiff has abandoned this lawsuit. "Just as an entity may elect not to sue, so it may elect to abandon pending litigation. Ignoring deadlines and orders marks the abandonment of a suit, as surely as does filing a notice of dismissal." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994).

Under NECivR 41.2, "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."

**IT IS ORDERED** that the plaintiff shall, no later than **April 8, 2011**, electronically file a "Response" to this order, showing cause why this case should not be dismissed for lack of prosecution pursuant to NECivR 41.2.

**DATED March 25, 2011.**

                                                **BY THE COURT:**

                                                **s/ F.A. Gossett, III**
                                                **United States Magistrate Judge**