# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RFD-TV, LLC, A Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV43 |
| V. | ) ) | |
| MCC MAGAZINES, LLC, A Georgia Limited Liability Company, | ) ) ) | FINDINGS AND RECOMMENDATION |
| Defendant. | ) ) ) | |

On March 1, 2010, the court granted Defendant's motion to compel arbitration and ordered the parties to file quarterly status reports. (Filing 23.) The parties submitted status reports, as ordered, in the months of April and July, 2010. (Filings 24, 25, 26 & 27.) On October 28, 2010, counsel for Defendant filed a status report stating that the parties had been involved in settlement negotiations and that no further discovery had been conducted since the filing of the status report in July, 2010. (Filing 30.) Plaintiff has not submitted a status report since July, 2010.

On January 31, 2011, defense counsel reported that he had sent Plaintiff's counsel a proposed stipulation for voluntary dismissal, but there had been no other activity in the case. (Filing 33.) In response, on March 4, 2011, the court ordered the parties to file a joint status report by March 15, 2011. (Filing 34.) Defense counsel filed a status report on March 17, 2011, indicating that he had sent Plaintiff's counsel a proposed stipulation for voluntary dismissal on January 28, 2011, and again on February 28, 2011, but received no response. (Filing 35.) Plaintiff did not comply with the March 4, 2011 order.

On March 25, 2011, the court entered an order requiring Plaintiff, by April 8, 2011, to submit a response showing cause why its claims should not be dismissed pursuant to NECivR 41.2 for lack of prosecution. (Filing 36.) Plaintiff failed to comply with the court's order.

Based on the above, it wholly appears that Plaintiff has abandoned this action. *See United States v. Golden Elevator, Inc*., 27 F.3d 301, 303 (7th Cir. 1994) ("Just as an entity may elect not to sue, so it may elect to abandon pending litigation. Ignoring deadlines and orders marks the abandonment of a suit, as surely as does filing a notice of dismissal."). Pursuant to NECivR 41.2, when a case is not being prosecuted with reasonable diligence, it may be dismissed for lack of prosecution. Plaintiff has failed to act diligently in pursuing this action. Accordingly, dismissal of this case is appropriate.

**IT THEREFORE HEREBY IS RECOMMENDED** to the Honorable Laurie Smith Camp, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Plaintiff's complaint be dismissed without prejudice for want of prosecution.

The parties are notified that a party may object to the magistrate judge's findings and recommendation by filing an "Objection to Magistrate Judge's Findings and Recommendation" within 14 days after being served with the findings and recommendation. The objecting party must comply with all requirements of NECivR 72.2. Failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

**DATED May 11, 2011.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**